UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEORGE B. KELLY, )
 )
          Plaintiff, )
 )
v. ) Case No. 20-1352-TC
 )
MORTON SALT, INC., )
 )
          Defendant. )

## **ORDER**

Plaintiff, George B. Kelly, brings this action against defendant, Morton Salt, Inc., for injuries allegedly suffered while working for a demolition company at defendant's processing plant in Hutchinson, Kansas. Instead of filing an answer to plaintiff's complaint, defendant opted to file a motion for a more definite statement under Fed. R. Civ. P. 12(e) (ECF No. 6). Because the court finds plaintiff's complaint satisfies the notice-pleading standard, the motion is denied. However, as explained in more detail below, for efficiency's sake, defendant is permitted to serve a contention interrogatory before filing its answer. Deadlines set in the initial scheduling order are modified below to account for this course.

Plaintiff filed his complaint on December 17, 2020.[1] After alleging the grounds for jurisdiction and venue, he set forth the factual bases for his complaint in ten numbered

---

[1] ECF No. 1.

paragraphs. But he didn't specifically identify his causes of action or legal theories of recovery, nor discuss the essential elements of the same. Defendant asserts "that the combination of Plaintiff's failure to identify the cause(s) of action, failure to put forth discernible elements of the cause(s) of action, and the generally sparse [factual] allegations (particularly, the allegations addressing [defendant's] role) warrant a more definite statement of the facts entitling Plaintiff to relief."[2]

Rule 12(e) permits a party to move for a more definite statement when the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Such motions "generally are disfavored"[3] and are properly granted "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading."[4] "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[5]

---

[2] ECF No. 11 at 1.

[3] *Norwood v. UPS*, No. 19-2496-DDC, 2020 WL 5802078, at *19 (D. Kan. Sept. 29, 2020).

[4] *May v. Rottinghaus Co.*, 394 F. Supp. 3d 1334, 1338 (D. Kan. 2019) (quoting *Suede Grp., Inc. v. S Grp., LLC*, No. 12-2654-CM, 2013 WL 183752, at *1 (D. Kan. Jan. 17, 2013)).

[5] *Norwood*, 2020 WL 5802078, at *19 (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004)).

Courts consider Rule 12(e) motions in conjunction with the "simplified pleading standard" of Fed. R. Civ. P. 8(a).[6] "Under Rule 8(a)(2), the complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[7] "The purpose of Rule 8(a)(2) is to provide opposing parties with 'fair notice of what the . . . claim is and the grounds upon which it rests.'"[8] "There is no requirement that a pleading list elements of claims asserted, make legal conclusions about claims asserted, or label the asserted claims."[9] "[A]lthough labels and elements may be helpful to Defendant, they are not required under Rule 8."[10]

"When a complaint provides sufficient notice under Rule 8(a), the defendant should elicit additional detail through the discovery process."[11] In other words, "[m]otions for a more definite statement are generally disfavored in light of liberal discovery available

---

[6] *Rottinghaus*, 394 F. Supp. 3d at 1339 (citing *Suede Grp., Inc.*, 2013 WL 183752, at *1).

[7] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

[8] *Id.* (quoting *Suede Grp., Inc.*, 2013 WL 183752, at *1).

[9] *Kelp v. B & B Lumber Co.*, No. 18-1103-JWB, 2018 WL 3831525, at *3 (D. Kan. Aug. 13, 2018) (quoting *Mechler v. United States*, No. 12-1183-EFM, 2012 WL 5289627, at *3 (D. Kan. Oct. 23, 2012)).

[10] *Id.*

[11] *Rottinghaus,* 394 F. Supp. 3d at 1339 (citing *Suede Grp., Inc.*, 2013 WL 183752, at *2); *see also Norwood*, 2020 WL 5802078, at *19 ("[A]party cannot invoke Rule 12(e) as a method of pretrial discovery. . . ."); *Capers v. Samson Dental Partners LLC*, No. 18-2531-JAR, 2019 WL 858749, at *2 (D. Kan. Feb. 22, 2019) ("[T]he discovery process should be used to learn additional details with respect to the claims." (quoting *Ewing v. Andy Frain Sec. Co.,* No. 11-2446-JAR, 2012 WL 162379, at *1 (D. Kan. Jan. 19, 2012)).

under the federal rules and are granted only when a party is unable to determine the issues requiring a response."[12]  "The decision whether to grant or deny a motion for more definite statement lies within the sound discretion of the court."[13]

Suffice it to say, defendants bringing Rule 12(e) motions face a high hurdle.  After reviewing the complaint, the court finds defendant has not met its burden of demonstrating an amended complaint is necessary for it to defend itself in this action at this time.  As indicated above, the fact that plaintiff did not set forth his legal theory(ies) of recovery is not dispositive.[14]  The court finds the following pleaded facts give defendant fair notice of plaintiff's claims:

Regarding Time and Place of Alleged Misconduct:
- "On January 3, 2019, [the plaintiff] began a job performing demolition work at the defendant's plant in Hutchinson, Kansas."[15]

Description of Alleged Wrongdoing/Cause of Injuries:

---

[12] *Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1044 (D. Kan. 2018) (quoting *Lowe v. Experian*, No. 03-2046-CM, 2004 WL 1004872, at *1 (D. Kan. Mar. 31, 2004)).

[13] *Norwood*, 2020 WL 5802078, at *19 (citing *Graham v. Prudential Home Mortg. Co.*, 186 F.R.D. 651, 653 (D. Kan. 1999)).

[14] *See Evans v. McDonald's Corp.,* 936 F.2d 1087, 1090-91 (10th Cir. 1991) ("The purpose of 'fact pleading,' as provided by Fed. R. Civ. P. 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery.").

[15] ECF No. 1 at ¶ 5.

- "The work being performed was the demolition of a number of old condenser units used to dry out slurry. . . . The work required [the plaintiff] . . . to utilize a propane torch to cut up the condenser units."[16]

- "Unbeknownst to the plaintiff, the seams and every bolt of the unit were sealed . . . by a red oxide lead sealer."[17] "The lead created a red fog that enveloped the area where the seams and bolts were cut . . . [and] it was extremely toxic."[18]

- "[O]ne of [the plaintiff's] crew members sought medical attention [and] [t]he clinic discovered that he was suffering from lead toxicity. The worksite was shut down and the plaintiff was let go."[19]

Regarding Defendant's Responsibility for the Alleged Misconduct:
- "[The defendant] maintained full control of all health and safety precautions taken at the work site."[20]

- "[The defendant] didn't warn anyone of the toxic nature of the lead exposure.[21]

Description of Injuries:
- "Several months into the project, the plaintiff began to experience flu like symptoms."[22]

- "The plaintiff's health has continued to deteriorate from the lead exposure. He has sustained nerve damage and a horrible pain in his bones. He has lost teeth and big patched of his hair fell out. The plaintiff suffers from insomnia, mental fogginess, and forgetfulness.[23]

---

[16] *Id.* at ¶¶ 5, 7.

[17] *Id.* at ¶¶ 7-8.

[18] *Id.*

[19] *Id.* at ¶ 10.

[20] *Id.* at ¶ 6.

[21] *Id.* at ¶ 12.

[22] *Id.* at ¶ 9.

[23] *Id.* at ¶ 11.

5

    Potential Damages:
- "As a result of the injuries sustained by the plaintiff, he is totally disabled and cannot find employment. He has sustained substantial medical expenses. [He] has sustained and continues to sustain pain, suffering, and disability."[24]

- "The defendant's conduct evidenced a wanton and wreckless [sic] disregard for the health and safety of [the plaintiff.] The plaintiff respectfully prays that the jury award punitive damages in an amount sufficient to deter the defendants and other similarly situated from further conduct of this nature."[25]

As recognized by plaintiff and the authorities discussed above, defendant can (and should) use discovery to elicit additional detail about plaintiff's claims. Plaintiff states he "wholly expects the defendant's first interrogatory to ask: 'What legal theories entitle you to the requested relief?,' which would be, of course, entirely appropriate."[26]

The bottom line is this. The court finds that plaintiff's minimalist pleading approach is technically allowed by the rules. However, it bears the *practical* risk of resulting in gross inefficiencies, for both the parties (particularly in discovery) and the court. The court is mindful of the Tenth Circuit's directive in *Evans v. McDonald's Corp.* that, although a plaintiff need not set forth the specific legal theories he is pursuing in his complaint, the court should not permit "a late shift in the thrust of the case" to prejudice defendant in maintaining his defense:

> We do not believe . . . that the liberalized pleading rules permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they

---

[24] *Id.* at ¶ 13.

[25] *Id.* at ¶ 14.

[26] ECF No. 10 at 10.

intend to build their case. This practice, if permitted, would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances.[27]

That is to say, plaintiff may not "hide the ball." As this case moves forward and plaintiff advances particular legal theories, plaintiff will not be allowed to change his theories in the twilight of the case—such as in his proposed pretrial order or in response to a motion for summary judgment.[28] Should plaintiff choose not to amend his complaint in the future to clearly set forth his claims for recovery, he risks having the court construe his claims more narrowly than he intended.[29]

---

[27] 936 F.2d at 1091.

[28] *See id.* (upholding district court's refusal to recognize a new theory of recovery not included in amended complaint and raised for the first time in a response to summary judgment motion).

[29] *See, e.g., Zokari v. Gates*, 561 F. 3d 1076, 1084–85 (10th Cir. 2009) (ruling that "the status of litigation" should guide how broadly a court should construe a complaint to include legal theories not specifically pleaded, and holding the plaintiff "simply acted too late" in waiting to discuss a particular claim until her proposed final pretrial order); *Simantob v. Mullican Flooring, L.P.*, 527 F. App'x 799, 807 (10th Cir. 2013) (upholding grant of summary judgment on claim district court found was not adequately alleged in complaint, noting, "We have warned that reading complaints too broadly to include any possible theory of recovery 'could create injustice' by requiring defendants to infer every potential argument a plaintiff could later make"); *Capital Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. 08-2027-JWL, 2009 WL 3711574, at *7 (D. Kan. Nov. 3, 2009) ("In sum, the Court holds that it would be unjust if, in the present context, it were to construe BOK's Cross–Claim as providing notice to KMBS of a tortious interference claim. Consistent with *Zokari*, the Court finds that the time for liberally construing the Cross–Claim has long passed. By waiting until the Pretrial Order is due to pursue a claim for tortious interference, BOK simply acted too late to burden the Court and KMBS with a new theory of relief."); *McCoy v. City of Independence*, No. 12-1211-JAR, slip op. at *2-8 (D. Kan. April 14, 2013) (refusing to recognize claim of excessive force at pretrial conference where it was not set forth in an amended complaint).

Defendant has expressed concern that the absence of clear legal theories in the complaint precludes it "from fashioning a coherent answer and asserting appropriate affirmative defenses."[30] Despite plaintiff's pleading practice being technically legal, the court finds defendant's stated concerns are valid from a practical perspective.

In any event, the court intends to bring an abrupt end to the unproductive, time consuming, and expensive shadow boxing about pleading technicalities in this fairly routine personal-injury case. The court also intends to put this case immediately on an efficient path for trial on the merits. So, even *before* defendant files its answer and the parties' attorneys conduct their case-management planning conference under Fed. R. Civ. P. 26(f), the court will permit defendant to serve the following contention interrogatory, which is very much along the lines plaintiff has proffered: "Please state the legal theories you contend entitle you to the relief requested in your complaint of $850,000 in actual damages plus punitive damages, and further state the principal or material facts supporting your contention."[31] Defendant may serve this contention interrogatory by **March 5, 2021**. If the interrogatory is served, plaintiff must serve a complete, precise, and signed answer (i.e., with no objections, reservations, or qualifications) by **March 12, 2021**; the court presumes plaintiff's very experienced trial lawyer already has thought long and hard enough about this case so that the contention interrogatory can be answered easily within

---

[30] ECF No. 11 at 7.

[31] *See* Fed. R. Civ. P. 26(d)(1).

the one week allotted – indeed, he could start drafting the interrogatory answer today! And, with plaintiff's interrogatory answer in hand, defense counsel shouldn't have any difficulty finalizing its desired "coherent answer," only asserting "appropriate affirmative defenses" (which answer is due **March 15, 2021**).[32]

IT IS THEREFORE ORDERED that defendant's motion for a more definite statement (ECF No. 6) is denied.

IT IS FURTHER ORDERED that defendant is given leave to serve the above-described contention interrogatory by **March 5, 2021**. If the interrogatory is served, plaintiff must serve a complete and precise answer by **March 12, 2021**. Defendant's answer to the complaint is due **March 15, 2021.**

IT IS FURTHER ORDERED that the deadlines set in the initial order setting scheduling conference (ECF No. 9) are modified so that the pleadings will be fully developed before counsel conduct their case-management conference under Rule 26(f). The Rule 26(f)-meeting deadline is extended to **March 29, 2021**. The parties' planning-meeting report and initial disclosures are now due **April 5, 2021**. The telephone scheduling conference is re-set for **April 15, 2021, at 9:00 a.m**.

Dated March 1, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[32] *See* Fed. R. Civ. P. 12(a)(4).